UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
WALTER A. SHAW and VERA SHAW,                    **COMPLAINT**

                Plaintiff(s)                    JURY TRIAL DEMANDED


        v.

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, OFFICE OF THE NEW YORK CITY
POLICE COMMISSIONER, POLICE OFFICER
PATRICK BYRNE; POLICE OFFICER MARY
VECCHI, POLICE OFFICER KERRI WHALEN,
POLICE OFFICER JOHN SECAIRA; NEW YORK
COUNTY DISTRICT ATTORNEY'S OFFICE,
NEW YORK COUNTY DISTRICT ATTORNEY
CY VANCE, JR., ASSISTANT DISTRICT ATTORNEY
SARAH McATEER; ASSISTANT DISTRICT
ATTORNEY FRANCES MANZO and JOHN DOES 1 -10
(the name "John Doe" being fictitious, as the true names
are presently unknown), in their individual and in their
official capacities as New York City Police Officers
and District Attorneys for New York County,

                Defendant(s)
------------------------------------------------------------------------X

        Plaintiff(s), WALTER A. SHAW and VERA SHAW, though their attorney, Marcote &

Associates, P.C., as and for his complaint, does hereby state and allege:

<u>PRELIMINARY STATEMENT</u>

1.      This is a civil Rights action bought to vindicate the plaintiffs' Rights under the

Fourth, Fifth, Sixth and Eighth Amendments of the Constitution of the United States

through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. §1983 and

pendent claims through the Constitution and laws of the State of New York.

Plaintiffs seeks compensatory and punitive damages, an award of costs and attorney's

1

fees, and such other and further relief as this Court deems just and proper.

JURISDICTION AND VENUE

2.    This Court has jurisdiction over these claims pursuant to Article III, Section 1 of the Constitution and 28 U.S.C. §§ 1331 and 1343.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Fourth, Fifth, Sixth and Eighth Amendments of the Constitution of the United States.

3.    This Court may also exercise supplemental jurisdiction over the Plaintiffs' state law claims that arise from the same facts and circumstances under 28 U.S.C. §1367.

4.    Venue is properly established in this judicial district pursuant to 28 U.S.C. §1391(B).

5.    An award of costs and attorney fees is authorized pursuant to 42 U.S.C. §1988.

PARTIES

6.    Plaintiff, WALTER A. SHAW, is a citizen of the Unites States and a resident of Nassau County in the State of New York.

7.    Plaintiff, VERA. SHAW, is a citizen of the Unites States and a resident of Nassau County in the State of New York.

8.    Defendant, CITY OF NEW YORK (hereinafter referred to as the "CITY"), is a municipal corporation organized under the laws of the State of New York.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  The CITY operates the defendant, NEW YORK CITY POLICE DEPARTMENT (hereinafter referred to as the  "NYPD") and is ultimately responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police

officers.  Defendant CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the defendant, NEW YORK CITY POLICE DEPARTMENT.

9.      Defendant, NEW YORK CITY POLICE DEPARTMENT, ("hereinafter referred as this "NYPD"), is an agency of the CITY and charged with and responsible for appointing and promoting the members within its Department and for the supervision, training, instruction, discipline, control and conduct of the Police Department and its personnel.  At all relevant times, Defendant NYPD had the power, right and duty to control the manner in which its police officers carried out the objectives of their employment and to see that all orders, rules, instructions and regulations promulgated for the Police Department were consistent with the Constitution and the laws of the municipality.

10.     Defendant, OFFICE OF THE NEW YORK CITY POLICE COMMISSIONER (hereinafter referred to as the "COMMISSIONER"), was at all time relevant to the incidents which are the subject of this lawsuit, the Police Commissioner of the NYPD.  As such, he is the responsible party for supervising, training, instruction, discipline, control and conduct of the Defendant Police Officers.  He is also charged with promulgating all orders, rules, instructions and regulations of the NYPD, including, but not limited to, those orders, rules, instructions and regulations concerning the use of force and of deadly weapons, as well as treatment of persons in police custody.  He also has the authority to approve all weapons to be used by

3

members of the Police Department.  He is sued both individually and in his official capacity.  Upon information and belief, Defendant COMMISSIONER is a resident of NEW YORK CITY, New York.

11.     Defendant, POLICE OFFICER PATRICK BYRNE, (hereinafter referred to as "PO BYRNE"), was at all times relevant to the incidents which are the subject of this lawsuit, a police officer of the NYPD.  The acts of Defendant which are the subject of this lawsuit were undertaken in the regular course of his employment for the CITY and NYPD Defendants.  Upon information and belief, PO BYRNE is a resident of New York City, New York.   PO BYRNE is being sued in his individual and official capacity.

12.     Defendant, POLICE OFFICER MARY VECCHI, (hereinafter referred to as "PO VECCHI"), was at all times relevant to the incidents which are the subject of this lawsuit, a police officer of the NYPD.  The acts of Defendant which are the subject of this lawsuit were undertaken in the regular course of her employment for the CITY and NYPD Defendants.  Upon information and belief, PO VECCHI is a resident of New York City, New York.   PO VECCHI is being sued in her individual and official capacity.

13.     Defendant, POLICE OFFICER KERRI WHALEN, (hereinafter referred to as "PO WHALEN"), was at all times relevant to the incidents which are the subject of this lawsuit, a police officer of the NYPD.  The acts of Defendant which are the subject of this lawsuit were undertaken in the regular course of her employment for the CITY and NYPD Defendants.  Upon information and belief, PO WHALEN is a resident of

New York City, New York. PO WHALEN is being sued in her individual and official capacity.

14. Defendant, POLICE OFFICER JOHN SECAIRA, (hereinafter referred to as "PO SECAIRA"), was at all times relevant to the incidents which are the subject of this lawsuit, a police officer of the NYPD. The acts of Defendant which are the subject of this lawsuit were undertaken in the regular course of his employment for the CITY and NYPD Defendants. Upon information and belief, PO SECAIRA is a resident of New York City, New York. PO SECAIRA is being sued in his individual and official capacity.

15. Defendant, NEW YORK COUNTY DISTRICT ATTORNEYS OFFICE, (hereinafter referred to as "DAO"), is an agency of the COUNTY and charged with and responsible for appointing and promoting the members within its Department and for the supervision, training, instruction, discipline, control and conduct of the Assistant District Attorneys and its personnel. At all relevant times, Defendant DAO had the power, right and duty to control the manner in its Assistant District Attorneys carried out the objectives of their employment and to see that all orders, rules, instructions and regulations promulgated for the District Attorneys Office were consistent with the Constitution and the laws of the municipality.

16. Defendant, NEW YORK COUNTY DISTRICT ATTORNEY CY VANCE, JR (hereinafter referred to as "VANCE'), was at all time relevant to the incidents which are the subject of this lawsuit, the District Attorney for the County of New York. As such, he is the responsible party for supervising, training, instruction, discipline,

control and conduct of the Defendant Assistant District Attorneys.  He is also charged with promulgating all orders, rules, instructions and regulations of the DAO, including, but not limited to, those orders, rules, instructions and regulations concerning the prosecution of individuals.  He is sued both individually and in his official capacity.  Upon information and belief, Defendant VANCE is a resident of NEW YORK CITY, New York.

17.     Defendant, ASSISTANT DISTRICT ATTORNEY SARAH McATEER, ( hereinafter referred to as "ADA McATEER"), was at all times relevant to the incidents which are the subject of this lawsuit, an Assistant District Attorney in the Office of the District Attorney for New York County.  The acts of Defendant which are the subject of this lawsuit were undertaken in the regular course of her employment for the New York District Attorneys Office.  Upon information and belief, ADA McATEER is a resident of New York City, New York.   ADA McATEER is being sued in her individual and official capacity.

18.     Defendant, ASSISTANT DISTRICT ATTORNEY FRANCES MANZO, (hereinafter referred to as "ADA MANZO"), was at all times relevant to the incidents which are the subject of this lawsuit, an Assistant District Attorney in the Office of the District Attorney for New York County.  The acts of Defendant which are the subject of this lawsuit were undertaken in the regular course of her employment for the New York District Attorneys Office.  Upon information and belief, ADA MANZO is a resident of New York City, New York.   ADA MANZO is being sued in her individual and official capacity.

19.     Defendants, JOHN DOE 1 through JOHN DOE 10 (collectively the hereinafter referred to as "officer-defendants") are and were at all relevant times herein, officers, employees, servants and agents of the NYPD and the DAO.

20.     JOHN DOE 1 through JOHN DOE 10, are not currently known to Plaintiff but are believed to be involved in the incident giving rise to the claim. Upon the officer-defendants identity being determined, Plaintiff will advise the Court of same.

21.     The officer-defendants are being sued in their individual and official capabilities.

22.     At all times relevant herein, PO BYRNE, PO VECCHI, PO WHALEN, PO SECAIRA and the officer-defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

16.     PO BYRNE, PO VECCHI, PO WHALEN, PO SECAIRA and the officer-defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of Mr. SHAW'S Rights.

17.     At all relevant times, PO BYRNE, PO VECCHI, PO WHALEN, PO SECAIRA and the officer-defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence

7

and support and authority of their offices to one another.

STATEMENT OF FACTS

18. On January 27, 2020, the plaintiffs, WALTER A. SHAW and his wife, VERA SHAW were dining at Tir Na Nog Irish Bar & Grill located at 315 West 39 Street, New York, New York with four friends.

19. As the group was preparing to leave the restaurant, plaintiff WALTER A. SHAW was approached by defendants PO BYRNE, PO VECCHI, PO WHALEN and/or PO SECAIRA, and prevented from leaving the restaurant.

20. Without provocation, plaintiff WALTER SHAW was detained by defendants PO BYRNE, PO VECCHI, PO WHALEN and/or PO SECAIRA and guarded by the defendants PO BYRNE, PO VECCHI, PO WHALEN and/or PO SECAIRA.

21. Plaintiff WALTER SHAW was not free to leave and was being held by the NYPD.

22. Despite his detention, the defendants PO BYRNE, PO VECCHI, PO WHALEN and/or PO SECAIRA did question him without reading him his constitutional rights required under Miranda v. State of Arizona, 86 S.Ct. 1602, 384 U.S.436 (1966).

23. Plaintiff WALTER SHAW was told that he was accused of doing something to a fourteen (14) year old boy.

24. Plaintiff WALTER SHAW denied any inappropriate behavior with any one, let alone a fourteen year old boy.

25. The complaint was generally that a fourteen year old boy indicated that a man had approached him in the men's room at the restaurant and touched his buttocks.

26. The only identifying factor the alleged victim recalled was the man was wearing a red

scarf.

27.     While defendants PO BYRNE, PO VECCHI, PO WHALEN and/or PO SECAIRA were surrounding WALTER SHAW, in their police uniforms, and in an attempt to coerce the victim to identify plaintiff WALTER SHAW, the defendants PO BYRNE, PO VECCHI, PO WHALEN and/or PO SECAIRA subjected WALTER SHAW to an identification by the alleged victim.

28.     Based on the coerced identification, the defendants PO BYRNE, PO VECCHI, PO WHALEN and/or PO SECAIRA falsely arrested plaintiff WALTER SHAW and transported him to the police station.

29.     That the defendants PO BYRNE, PO VECCHI, PO WHALEN and/or PO SECAIRA did not conduct any true investigation into the alleged complaints of the victim, such as viewing surveillance tapes, talking to witnesses or surveying the other patrons for a "red scarf".

30.     The plaintiff was arraigned on January 28, 2018 and initially charged by Misdemeanor Information with violating NY Penal Law § 130.52(1).

31.     Through counsel the plaintiff WALTER SHAW entered a plea of 'Not Guilty' and the Defendant was released on his own recognizance.  The first appearance in a Trial Part was scheduled for March 26, 2018.

32.     Subsequently, on March 26, 2018 the People by ADA McATEER then moved the Court to dismiss the Misdemeanor charge of violation of NY Penal Law § 130.52(1) and charge the defendant, WALTER SHAW, with violation of NY Penal Law § 130.55, alleging that the plaintiff WALTER SHAW did touch the alleged victims

"buttocks with his hand" and without the consent of the alleged victim.

33. Furthermore, the People filed a 'Supporting Deposition' of the alleged victim.

34. That the 'Supporting Deposition' merely indicated that the alleged victim read the report prepared by the defendant PO BYRNE, but did not contain any independent recollection of the events by the alleged victim.

35. Through discovery in the underlying criminal matter, it was revealed that the alleged victim had revealed that he "felt something touch his butt" but did not state with specificity that it was a hand.

36. Despite the alleged victim's failure to state with certainty that a hand had in fact touched his butt, in bad faith, ADA McATEER continued with the prosecution of the plaintiff WALTER SHAW.

37. The matter was adjourned on the January 28, 2018 date on the People's time until March 26, 2018 for a total of fifty-seven (57) days.

38. On March 26, 2018, counsel for the plaintiff WALTER SHAW made and application to make an 'Omnibus Motion' for various relief. This Court granted that Defendant's Counsel's application and a motion schedule was set by the Court. The decision/hearing date was set for June 4, 2018, this time was chargeable to the Defendant.

39. The plaintiff WALTER SHAW appeared on  July 10, 2018, at this appearance, a motion to dismiss on 'Speedy Trial' grounds was filed and the Court gave a date of September 12, 2018 for decision and trial. The Court issued a decision on August 16, 2018, finding that the People were chargeable for eighty-two (82) days.

10

40.     On September 12, 2018, the plaintiff WALTER SHAW appeared on that day ready for trial and the People once again announced they were **'*NOT READY FOR TRIAL'***, and requested the matter be adjourned.

41.     The Court adjourned the matter to October 22, 2018.  The plaintiff WALTER SHAW then served and filed a 2nd motion to dismiss on 'Speedy Trials' grounds.  The matter was subsequently adjourned until December 6, 2018, for decision of the 2nd motion filed by the Defendant.

42.     On December 6, 2018, the Court issued a decision from the bench denying the plaintiff WALTER SHAW'S  2nd motion to dismiss.

43.     The Court then adjourned the matter until January 15, 2019 for hearings and trial.On January 15, 2019, ADA McATEER appeared and stated to the Court that the People were **'*NOT READY FOR TRIAL'***, based upon the unavailability of the arresting NYPD Officer and the People had no information when the Officer would be available for trial based upon a personal family issue and would file a new 'Certificate of Readiness for Trial' when his availability for trial was ascertained by the District Attorney's Office.

44.     Plaintiff WALTER SHAW was made to appear before the Court again on February 27, 2019; March 6, 2019, March 13, 2019, April 15, 2019.

45.     At each of the above appearances, ADA McATEER intentionally continued to prosecute plaintiff WALTER SHAW, despite knowing that the evidence was not sufficient to continue with the prosecution.

46.     The matter was assigned to the Honorable Herbert Moses for a non-jury trial on May

11

6, 2019.

47.   During the course of the trial, and without the defendants PO BYRNE, PO VECCHI, PO WHALEN and/or PO SECAIRA surrounding the plaintiff WALTER SHAW, neither the alleged victim, nor his parents, were able to identify the plaintiff WALTER SHAW as the man in the restroom on January 27, 2018.

48.   Despite the lack of the identification by the alleged victim and witnesses, ADA McATEER and ADA MANZO continued with the prosecution of the plaintiff WALTER SHAW based on the false testimony of PO BYRNE.

49.   PO BYRNE failed to provide necessary records regarding the incident, including his memo book for the day at issue, and based his testimony on the limited reports that were available, which highlighted the lack of investigation into the incident and a rush to judgment.

50.   That ADA McATEER and ADA MANZO intentionally and purposely had PO BYRNE appear and testify without providing the necessary records regarding the incident, and they were aware that failure to turn over said records violated plaintiff WALTER SHAW'S Constitutional Rights.

51.   Following a two day bench trial, on May 7, 2019, the Honorable Herbert Moses found the plaintiff WALTER SHAW 'Not Guilty' of the charge of NY Penal Law § 130.55 and dismissed the matter.

52.   That on or about June 13, 2019, plaintiff's WALTER SHAW and VERA SHAW served a Notice of Claim on the New York City Comptroller's office.

53.   That a General Municipal Law §50-h hearing of plaintiff WALTER SHAW was

requested by the CITY, and same was held on August 13, 2019.

54.     That no General Municipal Law §50-h hearing was requested of plaintiff VERA

SHAW.

<u>COUNT I</u>
<u>PURSUANT TO §1983 FALSE ARREST - JANUARY 27, 2018</u>

55.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs

as if fully set forth herein.   At all times, all defendants are considered state actors,

acting under color of law.

56.     Defendants arrested plaintiff WALTER SHAW on January 27, 2020 without

sufficient, lawful evidence to support arguable probable cause.

57.     By detaining plaintiff WALTER SHAW without a fair and reliable determination of

arguable probable cause, the defendants abused their power and authority and were

acting under the color of state and/or local law.

58.     These defendants had a routine, policy, custom, and/or habit of charging and

arresting persons for crimes based upon invalid evidence, insufficient probable cause,

and without lawful authority in order to "fit" their theory of the case.   These

defendants all participated directly or through agency in the January 27, 2018 arrest

of the plaintiff WALTER SHAW.

59.     These customs constituted a deliberate violation of the plaintiff WALTER SHAW's

constitutional rights required under <u>Miranda v. State of Arizona</u>, 86 S.Ct. 1602, 384

U.S.436 (1966) and caused him damages.

60.     By reason of defendant's acts and omissions, the defendants, acting under color of

state law, disregarded plaintiff WALTER SHAW's Constitutional Rights and subjected him to an unlawful detention in violation of the Fourth and/or Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

61. By reason of the foregoing, plaintiff WALTER SHAW suffered physical injuries, mental injuries, financial damages, loss of work, deprivation of liberty and privacy, terror, humiliation, damages to his personal and professional reputations, as well as loss of relationship with his family, including his wife. All of these injuries continue to accrue and may be permanent.

62. As a direct consequence of the actions of the defendants, plaintiff VERA SHAW suffered severe emotional/mental/psychological/stress-related injuries, loss of/to marital relationship, loss of consortium, loss of emotional and mental support, legal fees/bills/costs, incidental fees and costs, loss of love, loss of companionship, loss of affection, loss of solace, and loss of familial relationship.

<u>COUNT II</u>

<u>PURSUANT TO §1983 MALICIOUS PROSECUTION</u>

63. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein. At all times, all defendants are considered state actors, acting under color of law.

64. Defendants, with malicious intent, arrested and/or initiated and/or prosecuted a criminal case against the plaintiff WALTER SHAW for sexual abuse in the third degree (NY Penal Law §130.55) without lawful probable cause.

14

65. On May 7, 2019, the plaintiff, WALTER SHAW, was found '*NOT GUILTY*' by the Honorable Herbert Moses of the charge of NY Penal Law § 130.55 and dismissed the matter. All charges were terminated and dismissed in plaintiff WALTER SHAW's favor on May 7, 2019.

66. Defendant's intentionally ignored available exculpatory evidence that established Plaintiff's innocence and/or intentionally manipulated and/or unlawfully delayed evidence to fit their theory of the case.

67. By reason of defendants acts and omissions, acting under the color of state law, in disregard of plaintiff's rights, deprived the plaintiff of his rights, liberty and maliciously prosecuted him, subjecting him to unlawful, illegal and excessive detention and causing damages, in violation of his Fourth and Fourteenth Amendment Rights of the United State Constitution.

68. Defendants had a policy and/or a custom of maliciously prosecuting individuals and had a custom of ignoring exculpatory evidence that established innocence and/or fabricating evidence to fit their version of events.

69. By reason of the foregoing, plaintiff WALTER SHAW suffered physical injuries, mental injuries, financial damages, loss of work, deprivation of liberty and privacy, terror, humiliation, damages to his personal and professional reputations, as well as loss of relationship with his family, including his wife. All of these injuries continue to accrue and may be permanent.

70. As a direct consequence of the actions of the defendants, plaintiff VERA SHAW suffered severe emotional/mental/psychological/stress-related injuries, loss of/to

15

marital relationship, loss of consortium, loss of emotional and mental support, legal fees/bills/costs, incidental fees and costs, loss of love, loss of companionship, loss of affection, loss of solace, and loss of familial relationship.

COUNT III

PURSUANT TO §1983 FAILURE TO INTERVENE

71.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.  At all times, all defendants are considered state actors, acting under color of law.

72.    All Defendants had a duty to intervene and had an opportunity to intervene in the violations of plaintiff WALTER SHAW's 'Constitutional Rights' during the false arrest, investigation and/or malicious prosecution of the Plaintiff.

73.    Defendants failed to intervene when they knew or should have known that plaintiff, WALTER SHAW's Constitutional Rights were being violated.

74.    Defendants had a custom of failing to intervene to protect citizens from such Constitutional violations.

75.    Defendants, CITY OF NEW YORK, NEW YORK, NEW YORK CITY POLICE DEPARTMENT, OFFICE OF THE NEW YORK CITY POLICE COMMISSIONER, NEW YORK COUNTY DISTRICT ATTORNEYS OFFICE and NEW YORK COUNTY DISTRICT ATTORNEY CY VANCE, JR. had a custom of overlooking Constitutional actions of their employees, such as those named herein, including but not limited to, coercing witnesses, conducting incomplete investigations, intentionally withholding exculpatory evidence, perpetuating unfair

16

trial practices, and otherwise failed in acting to stop it, causing injury to Plaintiff.

76. These policies and customs of failing to intervene demonstrate a deliberate indifference on the part of the policymakers within CITY OF NEW YORK, NEW YORK, NEW YORK CITY POLICE DEPARTMENT, OFFICE OF THE NEW YORK CITY POLICE COMMISSIONER, NEW YORK COUNTY DISTRICT ATTORNEYS OFFICE and NEW YORK COUNTY DISTRICT ATTORNEY CY VANCE, JR. to the Constitutional Rights of citizens, detainees and defendants and caused the plaintiff's damages.

77. By reason of the foregoing, plaintiff WALTER SHAW suffered physical injuries, mental injuries, financial damages, loss of work, deprivation of liberty and privacy, terror, humiliation, damages to his personal and professional reputations, as well as loss of relationship with his family, including his wife. All of these injuries continue to accrue and may be permanent.

78. As a direct consequence of the actions of the defendants, plaintiff VERA SHAW suffered severe emotional/mental/psychological/stress-related injuries, loss of/to marital relationship, loss of consortium, loss of emotional and mental support, legal fees/bills/costs, incidental fees and costs, loss of love, loss of companionship, loss of affection, loss of solace, and loss of familial relationship.

<u>COUNT IV</u>

<u>PURSUANT TO §1983 DUE PROCESS VIOLATION- 4TH AMENDMENT</u>

79. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein. At all times, all defendants are considered state actors,

acting under color of law.

80. Defendants took plaintiff WALTER SHAW into custody, seizing his person and property on January 27, 2018 without valid probable cause based on lawful evidence.

81. Defendants actions constituted a violation of plaintiff's Fourth Amendment Rights.

82. Defendants had a custom of these Constitutional violations.

83. By reason of the foregoing, plaintiff WALTER SHAW suffered physical injuries,mental injuries, financial damages, loss of work, deprivation of liberty and privacy, terror, humiliation, damages to his personal and professional reputations, as well as loss of relationship with his family, including his wife.  All of these injuries continue to accrue and may be permanent.

84. As a direct consequence of the actions of the defendants, plaintiff VERA SHAW suffered severe emotional/mental/psychological/stress-related injuries, loss of/to marital relationship, loss of consortium, loss of emotional and mental support, legal fees/bills/costs, incidental fees and costs, loss of love, loss of companionship, loss of affection, loss of solace, and loss of familial relationship.

<u>COUNT V</u>

<u>PURSUANT TO §1983 DUE PROCESS VIOLATION- 14TH AMENDEMENT</u>

85. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.  At all times, all defendants are considered state actors, acting under color of law.

86. Defendants took plaintiff WALTER SHAW into custody, seizing his person andproperty on January 27, 2018 without lawful authority.

87.     Defendants took plaintiff into custody without valid probable cause based on lawful evidence.

88.     Defendants actions constituted a violation of plaintiff's Fourteenth Amendment Rights.

89.     Defendants had a custom of these Constitutional violations.

90.     By reason of the foregoing, plaintiff WALTER SHAW suffered physical injuries,mental injuries, financial damages, loss of work, deprivation of liberty and privacy, terror, humiliation, damages to his personal and professional reputations, as well as loss of relationship with his family, including his wife.  All of these injuries continue to accrue and may be permanent.

91.     As a direct consequence of the actions of the defendants, plaintiff VERA SHAW suffered severe emotional/mental/psychological/stress-related injuries, loss of/to marital relationship, loss of consortium, loss of emotional and mental support, legal fees/bills/costs, incidental fees and costs, loss of love, loss of companionship, loss of affection, loss of solace, and loss of familial relationship.

<u>COUNT VI</u>

<u>PURSUANT TO §1983 DUE PROCESS VIOLATION- 14TH AMENDEMENT</u>

92.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.  At all times, all defendants are considered state actors, acting under color of law.

93.     Defendants intentionally withheld exculpatory evidence that established plaintiff's innocence and/or intentionally manipulated and/or unlawfully delayed evidence to

fit their theory of the case from plaintiff.

94.    Defendants actions constituted a violation of plaintiff's Fourteenth Amendment Rights.

95.    Defendants had a custom of these Constitutional violations.

96.    By reason of the foregoing, plaintiff WALTER SHAW suffered physical injuries, mental injuries, financial damages, loss of work, deprivation of liberty and privacy, terror, humiliation, damages to his personal and professional reputations, as well as loss of relationship with his family, including his wife.  All of these injuries continue to accrue and may be permanent.

97.    As a direct consequence of the actions of the defendants, plaintiff VERA SHAW suffered severe emotional/mental/psychological/stress-related injuries, loss of/to marital relationship, loss of consortium, loss of emotional and mental support, legal fees/bills/costs, incidental fees and costs, loss of love, loss of companionship, loss of affection, loss of solace, and loss of familial relationship.

<u>COUNT VII</u>

<u>CONSPIRACY- PURSUANT TO §1985</u>

98.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.  At all times, all defendants are considered state actors, acting under color of law.

99.    Defendants conspired with each other and reached an agreement, express and/or tacit, to achieve an unlawful end against plaintiff, carrying out overt acts and/or intentional omissions in furtherance of that goal, causing plaintiff damages.  These overt acts are

20

described herein and incorporated by reference.  Defendants worked together, committing overt acts in furtherance of the conspiracy to deprive plaintiff of his Constitutional Rights as further set forth herein.

100. By virtue of the above, defendants caused harm to plaintiff.

COUNT VIII

FAILURE TO SUPERVISE, INVESTIGATE AND DISCIPLINE

(ACTIONABLE UNDER 42 U.S.C. §1983)

101. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

102. The aforementioned violations of plaintiff's federal Constitutional Rights by the defendants occurred as a result of the failure of defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, OFFICE OF THE NEW YORK CITY POLICE COMMISSIONER, NEW YORK COUNTY DISTRICT ATTORNEYS OFFICE and NEW YORK COUNTY DISTRICT ATTORNEY CY VANCE, JR. failures to adequately supervise, investigate and discipline employee conduct.  Defendants knew or should have known of the misdeeds of their employees which deprived persons, including plaintiff, of his Constitutional Rights as stated here, and had the opportunity to supervise, investigate and discipline the behavior.

103. Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, OFFICE OF THE NEW YORK CITY POLICE COMMISSIONER, NEW YORK COUNTY DISTRICT ATTORNEYS OFFICE and NEW YORK COUNTY DISTRICT ATTORNEY CY VANCE, JR. knew or should have known of the

actions and violations being perpetuated upon plaintiff by their employees, and had a duty to prevent it as stated above.

104. Their failures caused injury to plaintiff.

## COUNT IX

### 42 U.S.C. §1983 - LOSS OF CONSORTIUM (PLAINTIFF VERA SHAW)

105. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein. At all times, all defendants are considered state actors, acting under color of law.

106. Plaintiff VERA SHAW is the wife/spouse of plaintiff WALTER SHAW and has been the legal spouse of WALTER SHAW for over twenty-three years.

107. Plaintiff VERA SHAW relied upon WALTER SHAW for spousal support, familial support, love, companionship, affection, society, sexual relations, solace, financial support and emotional support.

108. All of the aforementioned areas of support provided to plaintiff VERA SHAW by her husband WALTER SHAW were hindered, prevented, infringed-upon, taken-away, and/or otherwise destroyed by the actions of defendants.

109. As a direct consequence of the actions of the defendants, plaintiff VERA SHAW suffered severe emotional/mental/psychological/stress-related injuries, loss of/to marital relationship, loss of consortium, loss of emotional and mental support, legal fees/bills/costs, incidental fees and costs, loss of love, loss of companionship, loss of affection, loss of solace, and loss of familial relationship.

## COUNT X

## STATE LAW CLAIMS

## STATE CAUSES OF ACTION

110.   Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.  At all times, all defendants are considered state actors, acting under color of law.

111.   Defendants violated Plaintiff's New York Constitutional Rights and committed New York state torts against him, as described by the facts herein.

112.   Plaintiff complained of Defendant's misconduct in a timely filed Notice of Claim-served upon the Comptroller's Office at 100 Centre Street by certified mail according to state law requirements and within ninety days of the dismissal of the criminal charges against WALTER SHAW- which , as of this filing, defendants have not yet settled.

113.   Plaintiff herein files their state law claims sounding in false arrest and imprisonment, malicious prosecution and negligent supervision, as well as loss of consortium.

114.   Defendants unlawful actions, which were committed under color of state law, were done willfully, knowingly and with malice and with the specific intent to deprive plaintiff of his constitutional rights.

115.   As a direct and proximate result of defendants' unlawful conduct, plaintiff sustained damages.

## PUNITIVE DAMAGES ARE APPROPRIATE

*(As To the Individual Defendants Only, Not Municipal Defendants)*

116.   The acts of the individual defendants, PO BYRNE, PO VECCHI, PO WHALEN and/or PO SECAIRA , ADA McTEER, ADA MANZO and  JOHN DOES 1 -10, were willful, wanton, malicious and oppressive and were motivated solely by a desire

to harm plaintiffs, without regard for plaintiffs' well beings, and were based on a lack of concern and ill-will towards plaintiffs.

JURY DEMAND

117.   Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury in this action for all issues so triable.

RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests judgment against the Defendants as follows:

(a)   Compensatory damages in an amount to be determined at trial, but not less than $2,000,000.00, jointly and severally against Defendants for the matters alleged in this Complaint;

(b)   Punitive damages in an amount to be determined at trial against all Defendants, jointly and severally;

(c)   Reasonable attorney fees and costs pursuant to U.S.C. §1988; and

(d)   For such other and further relief as this Court deems just and proper.

Dated: June 30, 2020

MARCOTE & ASSOCIATES, P.C.

*Louis F. Chisari*

By: Louis F. Chisari, Esq. (LC 0383)
108 New South Road
Hicksville, New York 11801
File No.: MA19-0628
Tel: (516) 280-2281   Fax: (516) 280-2283
E-Mail Address: lchisari@marcotelaw.com

# UNITED STATES DISTRICT COURT
### for the
# EASTERN DISTRICT OF NEW YORK

### INDEX NUMBER:

WALTER SHAW and VERA SHAW

-against-

CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, OFFICE OF THE NEW YORK CITY POLICE COMMISSIONER, POLICE OFFICER PATRICK BYRNE; POLICE OFFICER MARY  VECCHI, POLICE OFFICER KERRI WHALEN, POLICE OFFICER JOHN SECAIRA; NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE, NEW YORK COUNTY DISTRICT ATTORNEY CY VANCE, JR., ASSISTANT DISTRICT ATTORNEY SARAH McATEER; ASSISTANT DISTRICT ATTORNEY FRANCES MANZO and JOHN DOES 1 -10  (the name "John Doe" being fictitious, as the true names are presently unknown), in their individual and in their official capacities as New York City Police Officers and District Attorneys for New York County,

# 'COMPLAINT'

### MARCOTE ASSOCIATES, P.C.
*Attorney and Counselors at Law*
Attorneys for Plaintiff(s):
WALTER SHAW and VERA SHAW
108 NEW SOUTH ROAD
HICKSVILLE, NEW YORK 11801
PHONE:(516) 280-2281
FAX:  (516) 280-2283